# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| CLARENCE PAYNE | CIVIL ACTION NO. 08-0795 |
| VS. | SECTION P |
| RICHARD ALLEN, ET AL. | JUDGE DOHERTY |
| | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Clarence Payne, an inmate in the custody of Alabama's Department of Corrections (ADOC), filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 18 , 2008. Plaintiff, who is currently incarcerated at the Fountain Correctional Center, Atmore, Alabama, claims that he was denied access to the courts while he was incarcerated at the South Louisiana Corrections Center (SLCC), a private prison located in Basile, Louisiana in March 2007. Plaintiff sues Patrick LeBlanc and Gary Copes and seeks compensatory and punitive damages and a "declaratory order for the U.S. Attorney to prosecute the defendants." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief might be granted as provided by 28 U.S.C. §1915.

### Background

Plaintiff is an inmate in the custody of the ADOC. On March 5, 2007 he was transported to SLCC where he remained incarcerated for an unspecified period of time. According to the

plaintiff "... this illegal act caused plaintiff to lose his post conviction for relief case in the Circuit Court of Mobile County, Alabama because plaintiff could not respond..." [rec. doc. 1, p. 3]

Plaintiff initially filed this suit in the United States District Court for the Middle District of Alabama; he sued ADOC Commissioner Richard Allen, Alabama Governor Bob Riley, SLCC Warden Gary Copes and Patrick LeBlanc (the owner of SLCC, who is now deceased). He claimed that his transfer to Louisiana was unlawful and that the defendants conspired to deprive him of various constitutional rights. On April 23, 2008, United States Magistrate Judge Wallace Capel, Jr. authored a Report recommending dismissal of plaintiff's claims insofar as they challenged his transfer to Louisiana; he also recommended dismissal of the conspiracy claims.[1] The Magistrate Judge recommended that the access to court claim be transferred to this court pursuant to 28 U.S.C. §1404. [rec. doc. 3]

On May 6, 2008 plaintiff filed a *pro se* pleading styled "Writ of Mandamus" contesting the authority of the Magistrate Judge to recommend transfer of plaintiff's access to court claim to this court. [rec. doc. 5] On June 3, 2008 United States District Judge W. Keith Watkins adopted the Magistrate Judge's recommendation and issued an order which (1) denied the "Writ of Mandamus;" (2) dismissed with prejudice plaintiff's challenge to the constitutionality of his

---

[1] With respect to the transfer claim, the Magistrate Judge noted, "The Constitution itself does not give rise to a liberty interest in avoiding transfer to an out of state correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 245-246 (1983) ... ; *Meachum v. Fano*, 427 U.S. 215, 224 (1976)... Consequently, mere transfer and subsequent confinement ... in a correctional facility outside the State of Alabama did not implicate the due process protection of the Constitution and such claim is therefore due to be dismissed in accordance with the directives of 28 U.S.C. §1915(e)(2)(B)(i.)." [rec. doc. 3, pp. 2-3] As to plaintiff's conspiracy claims, the Magistrate Judge noted that 18 U.S.C. §241 (which criminalizes conspiracies) does not provide for a private right of action and therefore he recommended dismissal of plaintiff's conspiracy claim as frivolous. Finally, with respect to any conspiracy claim arising under §1983, the Magistrate Judge concluded, "Payne makes the specious allegation that all the adverse actions about which he complains resulted from a conspiracy among the defendants. ... At best, the assertions made by Payne are self serving, purely conclusory allegations that fail to assert those material facts necessary to establish a conspiracy between the defendants." [rec. doc. 3, pp. 4-5]

transfer and his criminal and civil conspiracy claims; (3) dismissed all claims against Riley and Allen; and, (4) transferred plaintiff's remaining access to court claim to this court. [rec. doc. 8]

In due course plaintiff's access to court claim was transferred to this court, and on September 24, 2008, plaintiff was granted leave to proceed *in forma pauperis* was granted. [rec. doc. 12]

On October 20, 2008 plaintiff filed an amended complaint. [rec. doc. 13] On December 5, 2008, the undersigned completed an initial review of the original and amended complaints and directed plaintiff to amend his complaint to provide additional information – specifically, evidence in support of his claim that he was prejudiced by the defendants' actions. [rec. doc. 16] Plaintiff's request for an extension of time within which to respond to the memorandum order was granted [rec. docs. 17-18], and, on January 26, 2009 plaintiff submitted exhibits and argument in support of his claim. [rec. doc. 19]

### *Statement of the Case*

The pleadings and exhibits establish the following relevant facts and dates:

1. On February 9, 2001 plaintiff pled guilty to charges of shooting into an occupied vehicle and first degree assault. The Alabama court sentenced him to concurrent 30 year sentences. On June 15, 2001 his conviction and sentence were affirmed in an unpublished opinion of the Alabama Court of Criminal Appeals. [see rec. doc. 19, p. 1; see also *Clarence Payne v. State of Alabama*, CR-00-0988 (6/15/2001), 836 So.2d 1009 (Table)).

2. On or about March 5, 2007, plaintiff, who remained an inmate in the custody of Alabama's Department of Corrections, was transported to the SLCC in Basile, Louisiana. [rec. doc. 1, p. 3]

3. Sometime prior to October 2, 2007 plaintiff filed a pro se Petition for Rule 32 relief in the Circuit Court, Mobile County, Alabama. Therein he maintained that his transfer to SLCC by the Alabama Department of Corrections "...effectively terminated and expired the Petitioner's sentence..." and, that this transfer unlawfully "banished and exiled" him from the State of Alabama in violation of various provisions of Alabama and Louisiana law. He prayed for his immediate release from custody. [rec. doc. 19, pp. 2-11]

4. On October 2, 2007, the State of Alabama submitted a Response and Motion to Dismiss claiming that plaintiff's Rule 32 Petition was successive, time-barred, and failed to state a claim for which any relief might be granted. [rec. doc. 19, pp. 15-17][2]

5. On the same day, the Court denied plaintiff's Rule 32 Petition as successive, time-barred, and for failing to state a claim for which relief could be granted. [rec. doc. 19, pp. 13-14]

6. On October 8, 2007 plaintiff submitted an Offender Grievance to Captain Paulet of the SLCC staff. Therein plaintiff complained, "Captain Paulet, when I received her 10-04-2007, you and staff said that y'all weren't notified I was coming at [Basile] prison. I was preparing my Rule 32 legal documents but now I can not continue to do so because your staff will not let me go to the Legal Law Library. The order came from you because the computer disks were not there for the Alabama Law Work, not up to date, and that you would have to send for them. That is not a good reason not to let me continue working on my documents." Plaintiff requested that he be permitted to "go to Law Library to work on my legal documents for relief." [rec. doc. 19, p. 19]

---

[2] In support of the latter argument, the State of Alabama, cited *Olim v. Wakinekona*, 461 U.S. 238, 245-246 (1983), "It is neither unreasonable nor unusual for an inmate to serve practically his entire sentence in a State other than the one in which he was convicted and sentenced, or to be transferred to his out-of-state prison after serving a portion of his sentence in his home State. Confinement in another State, unlike confinement in a mental institution, is within the normal limits or range of custody which the conviction has authorized the State to impose." [rec. doc. 19, p. 16]

7. On October 19, 2007, correspondence from the Circuit Clerk of Mobile County was mailed to plaintiff at SLCC; on October 26, 2007 this correspondence was returned to the Circuit Clerk with the notation, "Return to sender, attempted – not known, unable to forward." [rec. doc. 13, p. 2] Plaintiff implied that this item of mail was the Circuit Court's judgment denying his Rule 32 Petition. [rec. doc. 19, p. 1]

8. According to plaintiff, he was awaiting a response from the Alabama Court while he was incarcerated at SLCC and that the response he awaited was in the envelope returned to the Court by SLCC personnel. He also alleged that upon his return to Alabama, he contacted the Mobile Court and they mailed him the Rule 32 judgment. [rec. doc. 19, p. 1] Based on previous submissions, it appears that plaintiff received the Rule 32 Judgment in January 2008 while he was incarcerated at Mt. Meigs, Alabama. [rec. doc. 13, p. 2]

9. In April 2008 plaintiff submitted his federal *habeas corpus* petition to the United States District Court for the Middle District of Alabama. [rec. doc. 1] Therein he implied that the actions of the defendants' caused him "... to lose his post-conviction for relief case in the Circuit Court of Mobile County, Alabama because plaintiff could not respond..."

***Law and Analysis***

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff has alleged that the Louisiana defendants – LeBlanc and Copes – denied him his right of access to the courts when they erroneously returned the Alabama court's judgment

denying post-conviction relief and thus deprived him of an opportunity to "respond" to that Order. Plaintiff was allowed to amend his complaint to provide evidence to support his claim that the defendants' actions resulted in prejudice. He has stated his claim and need not be afforded an opportunity for further amendment.

### 2. Access to Courts

All prisoners, including plaintiff, have a constitutionally guaranteed right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). This right, however, is limited and not absolute. A prisoner alleging a denial of his right of access "must demonstrate an actual injury stemming from defendants' unconstitutional conduct." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir.1999). A prisoner must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).; *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (holding that plaintiff must demonstrate his position as a litigant was prejudiced as a direct result of the denial of access to courts). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis v. Casey*, 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Without a showing of an actual injury, a plaintiff lacks standing to pursue claims of denial of access to courts. *Id.* at 349. In other words, a prisoner may prevail on his access to courts claim only by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendants. *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (internal quotations omitted); *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

Plaintiff specifically argues that he was prejudiced because the defendants' interference with his right of access caused him "... to lose his post-conviction for relief case in the Circuit Court of Mobile County, Alabama because plaintiff could not respond..." to the Circuit Court's October 2, 2007 denial of his post-conviction motion. Thus, in order to prevail on his claim, plaintiff must demonstrate that his response to or appeal of the Circuit Court's order of dismissal would have been "nonfrivolous" or "arguable." This he cannot do.

As shown above, plaintiff claimed that he was entitled to an immediate release from custody because his transfer to Louisiana terminated his sentence or otherwise rendered his sentence unlawful. Identical claims have proven unsuccessful in Alabama and Federal Courts. See *Mills v. State of Alabama*, CR-06-0984 (8/31/2007), ___ So.2d , __, 2007 WL 2459336 (Ala.Crim.App.) ("We agree with the reasoning of the courts in [*Turner v. Riley*, (No. 06-0065-CG-C, May 22, 2006) (S.D.Ala.2006) (not reported in F.Supp.2d)], and [*Evans v. Holm*, 114 F.Supp.2d 706 (W.D.Tenn.2000),] and we likewise conclude that the State of Alabama did not lose jurisdiction over the appellant when it transferred him to a private prison facility in Louisiana. Therefore, the appellant's argument to the contrary is without merit, and we affirm the circuit court's judgment." *Mills*, at *2. Indeed, as shown above, the federal court in Alabama rejected the same claim as frivolous when this cause was before it. See rec. doc. 3, pp. 4-5.

### 3. Conclusion and Recommendation

In other words, the plaintiff's underlying claim concerning his transfer to SLCC was frivolous; at worst, the actions of the defendants prohibited or interfered with his

ability to further litigate this frivolous claim. Therefore, his access to court claim must be dismissed as frivolous.

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief might be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on March 30, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)